UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-40015 |
| Plaintiff, | REDACTED INDICTMENT |
| v. | Wire Fraud and Money Laundering |
| PAUL ERICKSON, | 18 U.S.C. §§ 1343, 1956(a)(1)(A)(i), and 1957(a) |
| Defendant. | |

The Grand Jury charges:

## Introduction
### (Count 1)

1.     From on or about 1996 to August, 2018, in the District of South Dakota, and elsewhere, the Defendant, Paul Erickson, did knowingly and unlawfully devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, as set forth below.

### The Scheme to Defraud

2.     Defendant Paul Erickson (hereinafter, "Defendant") was a resident of Sioux Falls, South Dakota, who solely owned and operated a number of business entities, including Compass Care, Inc., Investing with Dignity, LLC, and an unnamed venture to develop land in the Bakken oil fields in North Dakota. Through his business and social activities, Defendant became acquainted with

1

several individuals with whom he developed strong professional and personal relationships.

3.      The object and purpose of the scheme was for Defendant to unjustly enrich himself at the expense of people he defrauded.  Defendant maintained and controlled bank accounts which he used to pay for his personal expenses. In order to fund his personal expenses, Defendant devised a scheme and artifice to defraud to obtain money from several individuals, hereinafter referred to as victims, by false and fraudulent pretenses, representations, and promises.

4.      Regardless of the name of the business owned and operated by Defendant, Compass Care, Inc., Investing with Dignity, LLC, and the unnamed venture to develop land in the Bakken oil fields in North Dakota, they were all part of the same scheme to defraud investors and personally enrich Defendant.

## Compass Care, Inc.

5.      It was part of the scheme and artifice to defraud that Defendant controlled and operated a company known as "Compass Care." Defendant filed articles of incorporation for Compass Care, Inc., with the South Dakota Secretary of State's Office on December 20, 1996, and provided a Sioux Falls address. Defendant filed a number of address changes including the most recent one on October 28, 2017, listing an address in Sioux Falls, South Dakota.  In all of the filings, Defendant was the named President of Compass Care.

6.      It was part of the scheme and artifice to defraud that Defendant made various false and fraudulent representations to individuals located in

South Dakota and elsewhere, to induce those individuals to give him money to invest in Compass Care.

      7.    It was part of the scheme and artifice to defraud that Defendant represented to potential investors that Compass Care was in the business of designing, building, and managing assisted living residences for senior citizens around the country.

      8.    As part of the scheme and artifice to defraud, Defendant made false and fraudulent representations to potential investors, including, among others, that:

    a. The purpose of Compass Care was to raise financing for development and expansion of senior residential care facilities.

    b. Returns on investment in Compass Care would be paid back within one year.

    c. Defendant promised he would personally repay the full amount of original investment within one year if the returns failed to materialize or were delayed beyond one year.

    d. The staff of Compass Care had over 90 years of operating experience.

    e. The Compass Care senior operations team oversaw 27,000 nursing homes, assisted living and apartment beds in 26 states.

    f. A typical Compass Care facility provided a home for 61 residents and sat on four beautiful landscaped grounds.

    g. A Compass Care facility averaged approximately 6 million in total development costs while generating in excess of $1.7 million in annual gross revenue at full occupancy.

9.   It was part of the scheme and artifice to defraud that Defendant would obtain money from the victims in exchange for the false impression that the money was being used to invest in Compass Care, when in fact the money paid by victims was not used in the manner represented to them.

**Investing with Dignity, LLC**

10.   It was part of the same scheme and artifice to defraud that the Defendant controlled and operated a business known as "Investing with Dignity." Defendant filed articles of incorporation for Investing with Dignity, LLC, with the South Dakota Secretary of State's Office on September 20, 2010, and provided a Sioux Falls address.  In the filings, Defendant was named as the registered agent and manager.

11.   It was part of the scheme and artifice to defraud that Defendant made various false and fraudulent representations to individuals located in South Dakota and elsewhere, to induce those individuals to give him money to invest in Investing with Dignity.

12.   It was part of the scheme and artifice to defraud that Defendant represented to potential investors that Investing with Dignity was in the business of developing a wheelchair that allowed people using it to go to the bathroom without being lifted out of the wheelchair.

4

13.   As part of the scheme and artifice to defraud, Defendant made false and fraudulent representations to potential investors, including, among others, that:

> a.  The purpose of Investing with Dignity was to design and produce wheelchairs.
>
> b.  Investing with Dignity would double or triple the victims' original investment in a short time (often 6 months or a year).
>
> c.  Defendant promised he would personally repay the full amount of the original investment.

14.   It was part of the scheme and artifice to defraud that Defendant would obtain money from the victims in exchange for the false impression that the money was being used to invest in Investing with Dignity, when in fact the money paid by victims was not used in the manner represented to them.

**Bakken oil field venture**

15.   It was part of the same scheme and artifice to defraud that the Defendant represented that he controlled and operated a venture claiming to purchase real property in the Bakken oil field areas of North Dakota for the purpose of building single-family residences.   Defendant began soliciting potential investors in approximately 2013.

16.   It was part of the scheme and artifice to defraud that Defendant made various false and fraudulent representations to individuals located in South Dakota and elsewhere, to induce those individuals to give him money to invest in Defendant's Bakken oil fields real estate development venture.

5

17.   It was part of the scheme and artifice to defraud that Defendant represented to potential investors that Defendant's Bakken oil fields real estate development venture was in the business of buying real estate and building single-family residences.

18.   As part of the scheme and artifice to defraud, Defendant made false and fraudulent representations to potential investors, including, among others, that:

    a.  The purpose of the Bakken oil fields venture was to buy real estate and build homes in the Bakken oil field area of North Dakota.

    b.  Defendant frequently indicated to investors that his projects had or were in the process of being built.

    c.  Defendant promised returns of between 25% and 90% in as short a time as 3 months.

    d.  Defendant promised he would personally repay the full amount of original investment within 6 months.

19.   It was part of the scheme and artifice to defraud that Defendant would obtain money from the victims in exchange for the false impression that the money was being used to invest in the purchase of real estate and the construction of single-family homes in North Dakota, when in fact the money paid by victims was not used in the manner represented to them.

**The Wires**

20.   It was part of the same scheme and artifice to defraud that Defendant solicited individuals to give him money for the purpose of investing in

Compass Care, Investing with Dignity, and Defendant's Bakken oil fields real estate development venture.

21.    Many of the investor victims wrote checks to Defendant for their investment.  The Defendant caused each check to be deposited into his bank accounts in Sioux Falls, South Dakota, at Home Federal Bank and Wells Fargo Bank.  Each check was subsequently entered into the banking system causing interstate electronic transfer of funds from the source bank through the Federal Reserve Bank in Minneapolis, Minnesota, to Wells Fargo Bank and Home Federal Bank in South Dakota.

22.    For the purpose of executing the scheme and artifice to defraud, Defendant transmitted and caused to be transmitted certain writings, signs, signals, and sounds in interstate commerce by means of a wire communication. Specifically, on or about the dates indicated, and in order to continue his scheme and artifice to defraud, Defendant caused interstate wire communications to occur, between South Dakota and other states, based on the following transactions:

|   | Date | Item | From | To |
|---|------|------|------|-----|
| 1 | 04/22/99 | $100,000 check | V.T. | Compass Care Home Federal account |
| 2 | 04/28/99 | $300,000 check | V.T. | Compass Care Home Federal account |
| 3 | 11/05/99 | $40,000 wire | V.T. | Compass Care Home Federal account |
| 4 | 07/07/00 | $99,648 wire | M.J. | Compass Care Home Federal bank account |

| 5 | 12/18/00 | $64,000 wire | V.T. | Compass Care Home Federal bank account |
|---|---|---|---|---|
| 6 | 10/17/03 | $49,824 check | M.J. | Compass Care Wells Fargo bank account |
| 7 | 10/14/05 | $49,999.20 check | M.J. | Compass Care Wells Fargo bank account |
| 8 | 01/08/07 | $2,000 check | L.W. | Compass Care Wells Fargo account |
| 9 | 01/22/10 | $100,000 wire | M.J. | Investing with Dignity Wells Fargo account |
| 10 | 07/20/10 | $25,000 check | M.J. | Investing with Dignity Wells Fargo account |
| 11 | 08/24/10 | $25,000 check | M.J. | Investing with Dignity Wells Fargo account |
| 12 | 08/09/12 | $15,000 wire | M.W. | Erickson Wells Fargo account |
| 13 | 04/03/13 | $5,000 check | K.H. | Erickson Wells Fargo account |
| 14 | 06/16/14 | $12,000 check | L.W. | Erickson Wells Fargo account |
| 15 | 09/23/14 | $11,000 check | R.D. | Erickson Wells Fargo account |
| 16 | 11/10/14 | $5,000 wire | R.D. | Erickson Wells Fargo account |
| 17 | 01/12/15 | $25,000 wire | C.B. | Erickson Wells Fargo account |
| 18 | 04/14/15 | $25,000 check | L.W. | Erickson Wells Fargo account |
| 19 | 04/23/15 | $25,000 check | L.W. | Erickson Wells Fargo account |
| 20 | 05/09/16 | $25,000 wire | M.S. | Erickson Wells Fargo account |
| 21 | 03/01/17 | $100,000 wire | D.G. | Erickson Wells Fargo account |
| 22 | 05/31/17 | $100,000 wire | J.G. | Erickson Wells Fargo account |

Defendant's actions were all in violation of 18 U.S.C. § 1343.

## Money Laundering
## (Counts 2 – 8)

23.    On or about the dates listed below, in the District of South Dakota and elsewhere, the Defendant, Paul Erickson, did knowingly conduct and attempt to conduct the following financial transactions in the approximate amounts indicated affecting interstate and foreign commerce, to wit, money payments to individuals or entities listed below, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of U.S.C. 18 § 1343,

with the intent to promote the carrying on of specified unlawful activity, to wit, wire fraud, as charged in Count 1, inclusive, and that while conducting and attempting to conduct such financial transactions knew the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | Recipient |
|---|---|---|---|
| 2 | 10/07/2014 | $50,000 | H.H. |
| 3 | 10/08/2014 | $10,000 | H.H. |
| 4 | 06/24/2015 | $ 8,000 | M.B. |
| 5 | 07/08/2015 | $25,000 | K.B. |
| 6 | 10/14/2015 | $10,000 | L.W. |
| 7 | 03/01/2017 | $25,000 | M.S. |
| 8 | 03/01/2017 | $ 1,000 | M.B. |

Defendant's actions were all in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## Money Laundering
### (Counts 9 - 11)

24.    On or about the following dates, in the District of South Dakota and elsewhere, the Defendant, Paul Erickson, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, transfers of funds, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, in the amounts set forth below:

9

| Count | Date | Amount | From Bank | Payee |
|-------|------|--------|-----------|-------|
| 9 | 12/11/2015 | $14,000.00 | Erickson Wells Fargo account | Cash withdrawal |
| 10 | 06/01/2017 | $20,472.09 | Erickson Wells Fargo account | American University |
| 11 | 06/07/2017 | $25,000.00 | Erickson Wells Fargo account | "W.R." |

Defendant's actions were all in violation of 18 U.S.C. § 1957(a).

A TRUE BILL:

"REDACTED"

—————————————————————
-Foreperson

RONALD A. PARSONS, JR.
United States Attorney

By
—————————————————————

10