UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-40015 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| PAUL ERICKSON, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**1. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

1

2.     **PLEA AGREEMENT PROCEDURE:**  The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, which authorizes the United States to agree that it will not bring, or will move to dismiss, other charges.  The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report.

3.     **PLEA OF GUILTY TO CHARGES AND DISMISSAL OF OTHER CHARGES:**  The Defendant will plead guilty to Counts 1 and 8 of the Indictment filed in this case.  Count 1 charges Wire Fraud in violation of 18 U.S.C. § 1343, and Count 8 charges Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

Count 1 carries a maximum sentence of 20 years in prison, a $250,000 fine, or both, and 3 years of supervised release.

Count 8 carries a maximum sentence of 20 years in prison, a $500,000 fine, or both, and 3 years of supervised release.  If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 3 years on any such revocation.  There is a $100 assessment per count to the Victims' Assistance Fund, for a total of $200.  Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts in the

2

Indictment as they pertain to the Defendant pursuant to the terms of this Plea Agreement.

**4.    VIOLATION OF TERMS AND CONDITIONS:**  The Defendant acknowledges and understands that if he violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)    The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**5.    ACCEPTANCE OF RESPONSIBILITY:**  The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative

acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

6.  **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

7.  **STIPULATED OFFENSE LEVEL:** It is further understood that in connection with the Defendant's plea and sentencing, the United States and the Defendant stipulate that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2B1.1(a)(1), is 7; it is further stipulated that pursuant to U.S.S.G. § 2B1.1(b)(1)(I), the offense level should be increased by 16, in that the loss associated with Defendant's count

of conviction and relevant conduct was more than $1,500,000, but less than $3,500,000. The Adjusted Offense Level total is 23. After acceptance of responsibility as agreed to in sections 5 and 6 above, the Total Offense Level is a level 20. The Defendant understands that this stipulation is not binding upon the Court. The Defendant further understands that should the Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

8. **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on

the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

**9.    SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Avenue, Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $200, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**10.    RESTITUTION – AGREEMENT TO PAY:** Pursuant to 18 U.S.C. §§ 3663 and 3663A, Defendant agrees that the amount of restitution is not restricted to the amounts alleged in the count to which Defendant is pleading guilty, or the facts that he is admitting to support the factual basis statement, and may include losses arising from charges not prosecuted, as well as other relevant conduct associated with the Defendant's criminal conduct. The parties specifically agree that the Court may order restitution to victims other than the offense of conviction, because it has been "agreed to by the parties in a plea agreement," pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3).

**11.    MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s, and an executed Financial Statement.

The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.  The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on him prior to judgment.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court.  The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources.  If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

12. **RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

13. **NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the

District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offenses charged in the Indictment.

**14. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this Plea Agreement.

**15. WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**16. PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**17. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**18. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

RONALD A. PARSONS, JR.
United States Attorney

November 8, 2019
Date

Jeffrey C. Clapper
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605) 357-2351
Facsimile: (605) 330-4410
E-Mail: Jeff.Clapper@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

9

11/15/19
Date

_____
Paul Erickson
Defendant

11-15-19
Date

_____
Clint L. Sargent
Attorney for Defendant